UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIE DICKERSON, JR.,

    Petitioner,

v.                                      Case No: 5:21-cv-169-WFJ-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Before the Court is Petitioner Willie Dickerson, Jr.'s Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Dkt. 1. Respondents have filed a response asserting that the petition is untimely, Dkt. 15, and Mr. Dickerson has replied, Dkt. 22. Upon careful consideration, the Court finds that Mr. Dickerson's petition is due to be dismissed.

## BACKGROUND

In 2004, Mr. Dickerson was charged by information with five counts of aggravated assault of a law enforcement officer and one count of resisting a law enforcement officer with violence. Dkt. 15-1 at 4−6. Pursuant to a plea agreement, Mr. Dickerson pled guilty to the offenses. *Id.* at 8. On December 16, 2004, he was

sentenced to 364 days in county jail followed by four years of supervised probation. *Id.* at 8, 19. Mr. Dickerson did not appeal this plea or sentence.

On June 15, 2006, Mr. Dickerson's probation was revoked following his commission of new criminal offenses. *Id.* at 32−33. Mr. Dickerson was sentenced to concurrent fifteen-year terms of incarceration for his aggravated assault convictions and a consecutive five-year term of incarceration for his conviction of resisting a law enforcement officer with violence. *Id.* at 35, 40−51. He received 429 days of jail credit as to his concurrent fifteen-year terms. *Id.* at 46−50. On August 28, 2007, Mr. Dickerson's probation revocation and sentence were affirmed on appeal, *Dickerson v. State*, 963 So. 2d 247 (Fla. 4th DCA 2007) (per curiam), with mandate issuing on September 14, 2007, *see* Dkt. 15-1 at 69.

In November 2007, Mr. Dickerson filed a motion to mitigate his sentence, which was denied. *Id.* at 57. He then filed his first post-conviction motion in July 2009. *Id.* at 56. Mr. Dickerson's post-conviction motion was denied that same year, and Mr. Dickerson did not appeal. *Id.* But before the court had ruled on his first post-conviction motion, Mr. Dickerson filed a second post-conviction motion in 2009. *Id.* This second post-conviction was denied in early May 2010. *Id.* Days before denying that motion, the trial court entered an order correcting Mr. Dickerson's sentence to reflect 364 days of jail credit for his conviction of resisting a law enforcement officer with violence. *Id.* at 56, 86−87.

Mr. Dickerson immediately appealed the denial of his second post-conviction motion to the Florida Fifth District Court of Appeal. *Id.* at 56, 71. The appellate court affirmed the motion's denial in December 2010. *See Dickerson v. State*, 53 So. 3d 236 (Fla. 5th DCA 2010) (per curiam). Mandate issued on January 31, 2011. Dkt. 15-1 at 72. Prior to this affirmance, Mr. Dickerson filed a motion to correct illegal sentence. *Id.* at 55. That motion was denied, and Mr. Dickerson again appealed to the Fifth District Court of Appeal. *Id.* On February 22, 2011, the Fifth District Court of Appeal affirmed the denial of Mr. Dickerson's motion to correct illegal sentence. *See Dickerson v. State*, 56 So. 3d 20 (Fla. 5th DCA 2011) (per curiam). Mandate issued on March 16, 2011. Dkt. 15-1 at 74.

During the pendency of Mr. Dickerson's appeal of his motion to correct illegal sentence, Mr. Dickerson filed a second motion to correct illegal sentence and a separate motion to vacate probation revocation. *Id.* at 54−55. Both motions were denied. *Id.* He then filed a third motion to correct illegal sentence, which was also denied. *Id.* at 55. Mr. Dickerson appealed the denial of his motion to vacate probation revocation, *id.* at 78, and the denial of his third motion to correct illegal sentence, *id.* at 81. On October 11, 2011, the Fifth District Court of Appeal affirmed the denial of the former. *See Dickerson v. State*, 73 So. 3d 871 (Fla. 5th DCA 2011) (per curiam). Mandate issued on November 28, 2011. Dkt. 15-1 at 81. Around that time, the Fifth District Court of Appeal also affirmed the denial of the

latter. *See Dickerson v. State*, 84 So. 3d 329 (Fla. 5th DCA 2011) (per curiam). Mandate issued on December 30, 2011. Dkt. 15-1 at 81.

On July 19, 2011, finding that "[e]nough was enough," the trial court entered an order banning Mr. Dickerson from submitting future *pro se* filings. *Id.* at 89−91. The Fifth District Court of Appeal affirmed this order on June 19, 2012. *See Dickerson v. State*, 91 So. 3d 151 (Fla. 5th DCA 2010) (per curiam). Mandate issued on July 13, 2012. Dkt. 15-1 at 84. Since that affirmance in 2012, Mr. Dickerson has not filed any appeals in the Fifth District Court of Appeal or the Florida Supreme Court. *Id.* at 62−66. He has since filed only one document in the trial court. *Id.* at 53. This document, titled "Common Law Copyright Notice," was filed in January 2021 and stricken by the trial court. *Id.* at 163−64.

On March 19, 2021, Mr. Dickerson filed his instant petition in this Court pursuant to 28 U.S.C. § 2254. Dkt. 1.

## ANALYSIS

In his § 2254 petition for habeas relief, Mr. Dickerson challenges the validity of his 2004 guilty plea and sentencing. *Id.* at 15−17; Dkt. 22 at 2. He also appears to challenge his 2006 probation revocation and subsequent prison sentence. *See* Dkt. 1 at 56−59. Regardless, Respondents contend that Mr. Dickerson's petition must be dismissed as time-barred under 28 U.S.C. § 2244(d). Dkt. 15 at 5−7. The Court agrees.

4

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitation governing state prisoners' filings of federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Though Mr. Dickerson acknowledges this one-year statute of limitations, he avers that "the one year statutory limitation cannot begin to run as long as the petitioner is presently detained." Dkt. 1 at 62. Unfortunately, Mr. Dickerson is mistaken. The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Notably, though, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [this] period of limitation[.]" *Id.* § 2244(d)(2).

Here, nearly seventeen years elapsed between Mr. Dickerson's guilty plea and original sentencing on December 16, 2004, and the filing of his instant petition in March 2021. In 2004, Mr. Dickerson had thirty days to initiate a direct appeal of his plea and original sentence, yet he failed to seek such review. When that thirty-day window to appeal closed in January 2005, Mr. Dickerson's one-year limitations period to file a § 2254 petition began to run. Accordingly, Mr. Dickerson's time to file a § 2254 petition based on his original sentence expired in January 2006—months before Mr. Dickerson's probation was revoked.

5

Likewise, to the extent Mr. Dickerson challenges his probation revocation and prison sentence, Mr. Dickerson's time to bring a § 2254 petition has long since passed. The trial court revoked Mr. Dickerson's probation and sentenced him to prison in June 2006. Even if the one-year statute of limitations had been tolled by Mr. Dickerson's many motions and appeals, the Fifth District Court's final mandate in Mr. Dickerson's post-conviction proceedings issued in July 2012. Almost nine years later, Mr. Dickerson filed his instant § 2254 petition. Accordingly, even when one considers any potential tolling, that one-year period has unquestionably expired.

Nevertheless, Mr. Dickerson contends that a manifest injustice will occur if the Court does not consider his petition. *See* Dkt. 1 at 14, 17. Mr. Dickerson therefore appears to contend that the "fundamental marriage of justice" exception to the AEDPA's one-year statute of limitations should apply. To invoke this exception, a habeas petitioner must make a credible showing of actual innocence using new evidence that was not available at the time of trial. *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013). Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To show actual innocence, a petitioner's new evidence—"whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—must be reliable. *Schlup v. Delo*, 513 U.S. 2918, 324 (1995).

This ultimately requires a petitioner to "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).

Mr. Dickerson has not carried this burden. Mr. Dickerson identifies no new evidence demonstrating his actual (i.e., factual) innocence. Instead, he largely relies on transcript excerpts from the trial court's plea colloquy to assert that his guilty plea was invalid. *See, e.g.*, Dkt. 1 at 17–31, 36–46. Transcripts and other filings from Mr. Dickerson's trial court proceedings do not constitute new evidence, and they do not demonstrate that no reasonable jury would find Mr. Dickerson guilty beyond a reasonable doubt. The same is true of Mr. Dickerson's conclusory assertions that the trial judge, among other things, "obtain[ed] the plea bargain through human trafficking" and that "the State did not agree that [Mr. Dickerson] be adjudicated as guilty[.]" *Id.* at 39, 53. In addition to not demonstrating Mr. Dickerson's actual innocence, these allegations are simply unsupported by any evidence.

Given that Mr. Dickerson offers no new evidence to support his actual innocence, the AEDPA's fundamental miscarriage of justice exception does not apply. Mr. Dickerson is therefore not entitled to review of his time-barred § 2254 petition, which must be dismissed.

## CONCLUSION

Based on the foregoing, Mr. Dickerson's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Dkt. 1) is **DISMISSED** as time-barred. The Clerk is directed to enter judgment in favor of Respondents and against Mr. Dickerson and close this case.

## Certificate of Appealability

A petitioner does not have absolute entitlement to appeal the denial of his or her habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id*. A COA will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Where, as here, a petitioner's claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Dickerson cannot make this showing. Accordingly, Mr. Dickerson is not entitled to a certificate of appealability. Because he is not entitled to a COA, Mr. Dickerson is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on April 11, 2023.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, *pro se*